IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02112-GPG

RONALD JENNINGS FOGLE,

    Applicant,

v.

RICK RAEMISCH, Executive Director Colorado DOC, and
CYNTHIA COFFMAN, Colorado Attorney General,

    Respondents.

ORDER OF DISMISSAL

    Applicant, Ronald Jennings Fogle, is a prisoner in the custody of the Colorado Department of Corrections ("DOC") at the Crowley County Correctional Facility in Olney Springs, Colorado.   Mr. Fogle has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1).   The Court must construe the application liberally because Mr. Fogle is not represented by an attorney.   See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant.   See *Hall*, 935 F.2d at 1110.

    Mr. Fogle contends he should be released from custody because he has served the maximum sentence authorized for the crime he committed.

> My crime carries a maximum sentence of 16 years DOC.   I
> have been in DOC 17 straight years.   Now, I am being
> illegally held in custody via a[n] unconstitutional sentence

> enhancement statute applied to my 16 year DOC sentence. I have completely finished the incarceration time for my crime. The unconstitutional sentence enhancement statute should not keep me from my Liberty any further.
>
> This is not a challenge to my conviction or sentence. For my 16 year sentence for my crime is legal and my conviction is legal also. But, the state statute applied to my 16 year sentence is unconstitutional. I should be restored liberty.

(ECF No. 1 at 2.) Mr. Fogle specifically claims that Colorado's habitual criminal statute violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution because the statute is not applied consistently to all offenders in the State of Colorado who have three or more prior felony convictions.

Despite his protestations to the contrary, Mr. Fogle is challenging the validity of his enhanced sentence. Therefore, the Court construes the application as seeking relief pursuant to 28 U.S.C. § 2254. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). Because Mr. Fogle has filed a number of prior habeas corpus actions, the Court must determine whether he has challenged the validity of the same sentence in any of the prior actions. The Court may take judicial notice of its own records and files that are part of the Court's public records in conducting this inquiry. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979).

In his most recent case seeking habeas corpus relief, Mr. Fogle asserted the same due process and equal protection claims challenging the validity of Colorado's habitual criminal statute. *See Fogle v. Coffman*, No. 15-cv-01953-LTB (D. Colo. Sept. 16, 2015). The Court construed the due process and equal protection claims in case number 15-cv-01953-LTB as challenging the validity of Mr. Fogle's enhanced sentence in Denver

District Court case number 99CR136. It was clear that the enhanced sentence Mr. Fogle was challenging was imposed in Denver District Court case number 99CR136 because he attached to the habeas corpus petition in case number 15-cv-01953-LTB a copy of the judgment entered in Denver District Court case number 99CR136. *See id.* at ECF No. 1, pp.23-24.

Mr. Fogle does not specify in the application in this action that his enhanced sentence was imposed in Denver District Court case number 99CR136. However, the Court takes judicial notice of the records and filings in case number 15-cv-01953-LTB to conclude that the enhanced sentence Mr. Fogle is challenging was imposed in Denver District Court case number 99CR136.

Mr. Fogle has filed a number of prior habeas corpus actions in the District of Colorado challenging the validity of his conviction and sentence in Denver District Court case number 99CR136. He initially challenged the validity of his convictions and sentences in three Denver District Court cases, one of which was 99CR136. *See Fogle v. Smelser*, No. 07-cv-01636-ZLW (D. Colo. Nov. 13, 2007), *appeal dismissed*, 314 F. App'x 89 (10th Cir. 2008). Case number 07-cv-01636-ZLW was dismissed on the merits because Mr. Fogle's first claim was an impermissible challenge to prior Maryland convictions used to enhance his Colorado sentence and his other claims did not raise cognizable federal constitutional issues.

Mr. Fogle then filed a habeas corpus action challenging the validity of his convictions and sentences in six Denver District Court cases, one of which again was 99CR136. *See Fogle v. Smelser*, No. 10-cv-00932-ZLW (D. Colo. June 22, 2010),

*appeal dismissed*, No. 10-1291 (10th Cir. July 30, 2010). In case number 10-cv-00932-ZLW, Mr. Fogle's claims relevant to Denver District Court case number 99CR136 were dismissed for lack of jurisdiction because Mr. Fogle had not obtained the necessary authorization to file a second or successive application with respect to that conviction.

Mr. Fogle next filed a habeas corpus action pursuant to 28 U.S.C. § 2241 challenging the validity of the habitual criminal sentence he is serving as a result of his conviction in Denver District Court case number 99CR136. *See Fogle v. Miller*, No. 13-cv-00486-LTB (D. Colo. May 9, 2013). The Court construed case number 13-cv-00486-LTB as seeking relief pursuant to § 2254 and dismissed the action for lack of jurisdiction because Mr. Fogle had not obtained the necessary authorization to file a second or successive application.

Mr. Fogle then filed another application for a writ of habeas corpus challenging the validity of the habitual criminal sentence he is serving as a result of his conviction in Denver District Court case number 99CR136. *See Fogle v. Miller*, No. 13-cv-02759-LTB (D. Colo. Nov. 6, 2013). The Court dismissed case number 13-cv-02759-LTB for lack of jurisdiction because Mr. Fogle had not obtained the necessary authorization to file a second or successive application.

Mr. Fogle next filed yet another application for a writ of habeas corpus challenging the validity of the habitual criminal sentence he is serving as a result of his conviction in Denver District Court case number 99CR136. *See Fogle v. Raemisch*, No. 14-cv-03381-LTB (D. Colo. Jan. 27, 2015). The Court dismissed case number

14-cv-03381-LTB for lack of jurisdiction because Mr. Fogle had not obtained the necessary authorization to file a second or successive application.

Most recently, Mr. Fogle filed case number 15-cv-01953, which, as noted above, the Court construed as challenging the validity of Mr. Fogle's enhanced sentence in Denver District Court case number 99CR136. The Court dismissed case number 15-cv-01953-LTB for lack of jurisdiction because Mr. Fogle had not obtained the necessary authorization to file a second or successive application.

Based on the Court's records for the cases listed above, it is apparent that Mr. Fogle previously has challenged the validity of his conviction and sentence in Denver District Court case number 99CR136. Therefore, the instant petition is a second or successive application.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. Fogle must apply to the United States Court of Appeals for the Tenth Circuit for an order authorizing this Court to consider his second or successive habeas corpus application. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). In the absence of such authorization, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application. *See id.* at 1251. An applicant seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts

underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

Mr. Fogle does not allege, and there is no indication in the application, that he has obtained authorization from the Tenth Circuit to file a second or successive § 2254 application. Therefore, the Court must either dismiss the application for lack of jurisdiction or, if it is in the interest of justice, transfer the application to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252. The factors to be

> considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. When "there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter." *Id.* at 1252.

Mr. Fogle fails to demonstrate that his claim in this action is based on either a new and retroactive rule of constitutional law or newly discovered evidence as required pursuant to § 2244(b)(2). Therefore, the Court finds that a transfer is not in the interest of justice for that reason alone. *See id.*

Consideration of the other relevant factors also supports this conclusion. Although it appears that the application would be time-barred if filed anew in the proper forum, it appears that the application would be time-barred even if Mr. Fogle had sought

proper authorization prior to filing in this Court. There also is no indication that the claim Mr. Fogle seeks to raise has any merit. Finally, it was clear when the instant action was filed that this Court lacks jurisdiction over the application. As demonstrated above, Mr. Fogle has been advised in a number of prior habeas corpus actions that this Court lacks jurisdiction to consider claims challenging the validity of his conviction or sentence in a second or successive application in the absence of authorization by the Tenth Circuit. As a result, the Court finds that a transfer of this action to the Tenth Circuit is not in the interest of justice. Instead, the action will be dismissed for lack of jurisdiction.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Fogle files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) is denied and the action is dismissed for lack of jurisdiction. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  7th  day of   October   , 2015.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court