IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02112-LTB

RONALD JENNINGS FOGLE,

    Applicant,

v.

RICK RAEMISCH, Executive Director Colorado DOC, and
CYNTHIA COFFMAN, Colorado Attorney General,

    Respondents.

ORDER DENYING MOTION TO RECONSIDER

    Applicant, Ronald Jennings Fogle, has filed *pro se* a "Motion to Alter or Amend a Judgment" (ECF No. 8) asking the Court to reconsider and vacate the Order of Dismissal (ECF No. 6) and the Judgment (ECF No. 7) entered in this action on October 7, 2015. The Court must construe the motion to reconsider liberally because Mr. Fogle is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion to reconsider will be denied.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court

will consider the motion to reconsider pursuant to Rule 59(e) because it was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Mr. Fogle is a prisoner in the custody of the Colorado Department of Corrections. He initiated this action by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 claiming Colorado's habitual criminal statute violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution because the statute is not applied consistently to all offenders in the State of Colorado who have three or more prior felony convictions. The Court construed the application as challenging the validity of Mr. Fogle's enhanced sentence in Denver District Court case number 99CR136 and dismissed the action for lack of jurisdiction because Mr. Fogle has not obtained authorization from the United States Court of Appeals for the Tenth Circuit to file a second or successive habeas corpus application challenging the validity of that conviction or sentence.

Mr. Fogle does not address in the motion to reconsider the Court's determination that the application in this action is an unauthorized second or successive application

challenging the validity of his enhanced sentence in Denver District Court case number 99CR136.   Instead, he reiterates his arguments that Colorado's habitual criminal statute is unconstitutional.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Fogle fails to demonstrate any reason why the Court should reconsider and vacate the order dismissing this action.   Accordingly, it is

ORDERED that the "Motion to Alter or Amend a Judgment" (ECF No. 8) is DENIED.

DATED at Denver, Colorado, this   21st   day of      October      , 2015.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court